1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    CLENARD CEBRON WADE,                          Case No.  14-cv-04387-VC(PR)

            Plaintiff,
8
                                                   **ORDER ADMINISTRATIVELY
9            v.                                     CLOSING CASE WITHOUT
                                                   PREJUDICE TO FILING MOTION TO
10   FRED FOULK,                                    ADD CLAIMS IN CASE NO. 13-4636
                                                   TEH (PR)**
            Defendant.
11

12

13          On September 5, 2014, Petitioner Clenard Cebron Wade, a state prisoner incarcerated at

14   the High Desert State Prison in the Eastern District of California, filed this habeas petition in the

15   Eastern District on a form indicating it was filed under 28 U.S.C. § 2241.  On September 26,

16   2014, the Eastern District transferred Wade's petition to this district on the ground that Wade had

17   filed a petition under 28 U.S.C. § 2254 challenging his conviction entered by the Contra Costa

18   County Superior Court, which is located in this district.  On October 17, 2014, Wade submitted a

19   letter to the Court indicating that, because he filed his petition under § 2241, it had committed

20   error in concluding that his petition was filed under § 2254.

21          The plain text of 28 U.S.C. § 2241 and 28 U.S.C. § 2254 are similar.  *White v. Lambert*,

22   370 F.3d 1002, 1005-06 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603

23   F.3d 546 (9th Cir. 2010).  Section 2241 authorizes "a district court to issue a writ of habeas corpus

24   when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or

25   laws or treaties of the United States.'"  *Id.* at 1006 (citing 28 U.S.C. §§ 2241(a) and (c)(3)).  The

26   relevant subsection of 28 U.S.C. § 2254 authorizes a district court to issue "'a writ of habeas

27   corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground

28

United States District Court
Northern District of California

1   that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.*

2   (citing 28 U.S.C. § 2254(a)).  Section 2254 implements "the general grant of habeas corpus

3   authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state

4   court, and not in state custody for some other reason, such as pre-conviction custody, custody

5   awaiting extradition, or other forms of custody that are possible without a conviction." *Id.*

6   (emphasis in original).  Section 2254 did not create an alternative to the habeas corpus remedy

7   provided in § 2241, but imposed additional requirements on state prisoners seeking habeas relief

8   who were in custody pursuant to a state court judgment.  *Id.* Only when § 2254 is not available to

9   a state prisoner because he is not in custody may he resort to § 2241.  *Id.* at 1007.  Thus, "when a

10   [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply

11   no matter what statutory label the prisoner has given the case."  *Id.* To determine whether a

12   petitioner is in custody at the time he filed his habeas petition, what matters is whether the

13   prisoner's custody is attributable, at least in part, to a judgment of a state court.  *Id.* at 1008.

14        Because Wade was in custody pursuant to a state court judgment at the time he filed this

15   petition, it is properly brought under 28 U.S.C. § 2254 and not 28 U.S.C. § 2241.  The court in the

16   Eastern District of California did not err when it construed Wade's petition as one under § 2254,

17   regardless of what form it was written on.

18        Furthermore, the claims Wade asserts in this petition are similar to the claims in his

19   previous petitions he filed in this Court under § 2254.  For instance, in this petition Wade alleges

20   that the trial court relied on inaccuracies in his probation report and a "priors" packet provided by

21   the Department of Corrections to enhance his conviction and sentence.  This is similar to Wade's

22   claim in his previous petition that his sentence was improperly enhanced with prior prison

23   convictions.  *See Wade v. Foulk*, C 13-4666 VC (PR), Doc. no. 5 (Amended Petition) at 6 ("all

24   priors used were not verified and authenticated by the Department of Corrections").  Likewise, in

25   this case, Wade asserts that the judge was biased against him.  In the previous case, Wade asserted

26   that the trial and appellate judges were close colleagues and "complicit in extrinsic fraud." *See*

27   *Wade v. Foulk*, C 13-4666 VC (PR), Doc. no. 5 at 7.

28        The Court administratively closed case numbers C 13-4666 VC (PR) and C 14-2627 VC

2

1   (PR) without prejudice to Wade filing a motion to amend his petition in his earliest filed § 2254

2   petition, case number C 13-4636 TEH (PR) so that Wade could bring all of his claims in one

3   petition before one judge.  For the same reason, this case is administratively closed without

4   prejudice to Wade bringing a motion to amend his petition in case number C 13-4636 TEH (PR) to

5   add claims from this petition.

6                                                    **CONCLUSION**

7            Based on the foregoing, the Court orders as follows:

8            1. This case is administratively closed without prejudice to Wade bringing a motion to

9   amend in case number C 13-4636 (TEH) (PR).

10           2. Because the case is administratively closed, the Clerk of the Court shall not charge a

11  filing fee.

12           3. The Clerk of the Court shall terminate all pending motions and close the file.

13           4. The Clerk of the Court shall send a copy of this order to District Judge Thelton

14  Henderson.

15           **IT IS SO ORDERED.**

16  Dated: October 28, 2014

17  _____

18  VINCE CHHABRIA
    United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California